# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| WESTFIELD NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:15-cv-00351-TLS-SLC ) |
| TIPPMAN PROPERTIES, INC., *et al.*, | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 24, 2015, Plaintiff Westfield National Insurance Company filed its complaint against seven Defendants, four of whom are subrogated insurance companies, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). The complaint's allegations for purposes of diversity, however, are inadequate in two respects.

First, as to Defendant Black Bear Distribution, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all of its members to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Black Bear Distribution, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Second, "[d]etermining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial." *Cincinnati Ins. Co. v. Greene*, No.

1:10-cv-370, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012).

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citation omitted). "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor—that is the teaching in *Aetna Cas.*" *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008) (emphasis omitted) (citing *Aetna Cas.*, 338 U.S. at 380-81); *see also Cincinnati Ins. Co.*, 2012 WL 1802325 at *2. Therefore, Plaintiff must amend the complaint to clarify the interest of the Defendant subrogees—Liberty Mutual Fire Insurance Company, Travelers Indemnity Company of America, Travelers Casualty Insurance Company of America, and Harleysville Preferred Insurance Company.

Accordingly, Plaintiff is ORDERED to supplement the record on or before December 16, 2015, by filing an amended complaint that adequately alleges the citizenship of each Defendant. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (explaining that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

SO ORDERED. Enter for this 2nd day of December 2015.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge